IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAYFLOWER TRANSIT, LLC<br>One Mayflower Drive<br>Fenton, MO 63026 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. _____<br>Deck Type: General Civil |
| JEFFREY GOLDSTEIN and<br>NANCY GOLDSTEIN<br>107 East 73rd Street<br>Manhattan, NY 10001 | )<br>)<br>)<br>)<br>) | Judge: _____ |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Mayflower Transit, LLC (hereinafter referred to as "Mayflower"), by and through Counsel, and for its Complaint against Defendants Jeffrey Goldstein and Nancy Goldstein (hereinafter referred to as "Goldsteins") states as follows:

### Parties

1. Mayflower is a limited liability company organized under the laws of the State of Missouri whose principal place of business is One Mayflower Drive, Fenton, MO 63026.

2. Mayflower is a federally licensed motor carrier by authority issued to it by the Federal Motor Carrier Safety Administration of the Department of Transportation, formerly the Interstate Commerce Commission.

3. Defendants Jeffrey and Nancy Goldstein are individuals who reside at 107 East 73rd Street, Manhattan, NY 10001.

1

4. Upon information and belief, Defendants Jeffrey Goldstein and Nancy Goldstein are not members of the Armed Services pursuant to the Soldiers and Sailors Act.

## Jurisdiction and Venue

5. This Court has federal question jurisdiction under 28 U.S.C. 1331 and 28 U.S.C. 1337 as this matter involves the collection of interstate transportation charges pursuant to Mayflower's applicable tariffs published in accordance with 49 U.S.C. 13702(c), 49 U.S.C. 13706 and 49 U.S.C. 14705.

6. This Court has personal jurisdiction over Defendant, in that Defendants entered into a Bill of Lading contract with Mayflower in Washington, D.C.

7. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) in that all or a substantial part of the events giving rise to this lawsuit occurred within Washington, D.C.

## COUNT I

### Breach of Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4

8. Mayflower is an interstate motor carrier of household goods authorized by the United States Department of Transportation's Federal Motor Carrier Safety Administration to transport household goods in interstate commerce pursuant to the provisions of the Interstate Commerce Commission Termination Act.

9. Defendants were formerly residents of Washington, D.C.

10. On August 27, 2004, Defendants requested that Mayflower transport certain household goods from their residence at 4701 Linnean Avenue in Washington, D.C. to 107 East 73rd Street in New York, New York 10001.

11. Defendants were the owners of the household goods transported by Mayflower and beneficiaries of Mayflower's interstate transportation services.

12. At point of origin, Defendants were tendered a Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4 which was signed by Defendant Jeffrey Goldstein prior to releasing Defendants' household goods to Mayflower for interstate transportation. See Appendix A.

13. The front of Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4 signed by Defendant Jeffrey Goldstein recites in pertinent part:

> "1.   All terms written, and printed, stamped or typed on the front or back of this form, are agreed to by both parties.
>
> 2.   If credit is extended by the Carrier by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he/she remains primarily liable for payment.
>
> 3.   The above-named shipper agrees that this carrier shall transport the goods and effects tendered by the shipper subject to the preceding."

14. The reverse side of Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4 attached hereto as Appendix A under Section 3(a) contains certain terms and conditions which provide as follows:

> "The shipper (individual or commercial) and consignor, upon tender of the shipment to carrier, and the consignee, upon

3

acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper, consignor and/or consignee of such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom the credit has been extended shall fail to pay such charges. The joint and several liability of the shipper and consignee as set forth in this Section 3(a) is absolute, and no prior or subsequent course of dealing among the shipper, carrier and/or consignee (including but not limited to, the course of dealing pertaining to billing and collection of shipping charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability."

15. The transportation of Defendants Jeffrey Goldstein and Nancy Goldstein's household goods and effects was performed by Mayflower pursuant to Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4.

16. On August 30, 2004, Mayflower delivered Defendants' property to 107 East 73rd Street, New York, NY pursuant to Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4.

17. At destination, Jeffrey Goldstein signed Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4 acknowledging delivery and that the interstate transportation services were performed. See Appendix A.

18. Defendants and/or their agents signed 22 separate Household Goods Descriptive Inventory Sheets at point of origin, acknowledging the tendering of their household goods and effects to Mayflower at origin in Washington, D.C. and again executed each of the 22 Household Goods Descriptive Inventory Sheets at destination in New York. See Appendix B.

19. Defendants agreed to pay Additional Services performed by Mayflower at point of destination. See Appendix C.

20. The Additional Services performed sheet states in pertinent part:

   "I have received a copy of the form initialized by me to specify services ordered. If credit is extended on the basis that payment will be made by employer or others, I acknowledge my primary liability for payment of all changes or any part of changes which prove to be uncollectible."

21. Mayflower has made demand on Defendants and requested payment of its outstanding freight charges and additional services pursuant to Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4 in the amount of $25,032.70.

22. Despite due demand, Defendants Jeffrey Goldstein and Jennifer Goldstein have failed to make payment of $25,032.70 for interstate freight charges due, owing and uncontested.

WHEREFORE, Defendant Mayflower Transit, LLC requests Judgment be entered against Defendants and that:

(1) Mayflower be awarded $25,032.70 for charges under Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4;

(2) Mayflower have and recover its costs and attorney's fees;

(3) Mayflower be awarded such other and further relief as this Court deems appropriate and just.

## COUNT II

### Declaratory Judgment Action Against
### Defendants Jeffrey Goldstein and Nancy Goldstein

23. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. This action also presents an actual case in controversy within the jurisdiction of this Court and is therefore authorized pursuant to 28 U.S.C. 2201.

25. Mayflower seeks to determine the rights and liabilities of Mayflower and Defendant, under Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4 for the interstate carriage of property and its applicable tariffs published according to 49 U.S.C. 13702(c), 49 U.S.C. 14706, and 49 C.F.R. 370 et seq.

26. Defendants Jeffrey Goldstein and Nancy Goldstein have alleged, although not in writing, that Mayflower lost/or damaged some of their household goods and personal property.

27. Pursuant to the applicable federal regulations under 49 C.F.R. 370 et seq., 49 U.S.C. 14706, the Carmack Amendment, Section 6 of Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4, and Mayflower's tariffs incorporated therein, a proper written claim for loss or damage must be received by the carrier, in this case Mayflower, within 9 months of delivery date as shown on the Bill of Lading, as a condition precedent to recovery under the Carmack Amendment.

28. The Carmack Amendment, codified at 49 U.S.C. 14706, exclusively governs the rights of shippers and consignees and responsibilities and liabilities of motor carriers providing interstate household goods transportation services within the Department of Transportation's Federal Motor Carrier Safety Administration.

29. A motor carrier's liability under the Carmack Amendment is limited to the actual loss or injury to the property. In addition, the Carmack Amendment permits a carrier to limit its liability to a value declared by the shipper or to an amount agreed upon by the shipper and the carrier.

30. Any state law cause of action asserted by Defendants is preempted by the Carmack Amendment.

31. Mayflower is not liable for any special or consequential damages arising out of the interstate move under Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4.

32. Mayflower respectfully requests declaration by this Court of the respective rights and liabilities of the parties under Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4, Mayflower's published tariffs and the Carmack Amendment.

33. The reverse side of Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4 attached hereto as Appendix A under Section 6 contains certain terms and conditions which provide as follows:

"As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on the face

hereof, or in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against a carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid."

34. Defendants Jeffrey Goldstein and Nancy Goldstein have not filed a written claim with Mayflower.

35. On October 5, 2004, Mayflower received a letter from Counsel representing Defendants alleging damage to the Goldsteins' property which does not constitute a claim under 49 C.F.R. 370.3. A copy of the letter is attached as Appendix D.

36. On October 29, 2004, Mayflower informed the Goldsteins' counsel that the letter submitted did not constitute a proper claim and that they had until May 30, 2005 to timely file a proper written claim. (See Appendix E).

37. Defendants did not file a written claim with Mayflower within nine months after the delivery of their household goods and therefore they are not entitled to any recovery from Mayflower.

WHEREFORE, Plaintiff Mayflower Transit, LLC respectfully requests that this Court:

(1) Declare that any claim for loss or damage against Mayflower must be filed within 9 months from the date of delivery in accordance with Uniform Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4, Mayflower's tariffs incorporated therein, and 49 C.F.R. 370 et seq., the applicable federal regulations;

(2) Declare that Mayflower is not liable to Defendants for any alleged loss and/or damage to Defendants' property under Household Goods Bill of Lading and Freight Bill Contract No. 333-06472-4.

(3) Declare that Mayflower is not liable to Defendants for any state, common law or statutory remedy seeking damage, including state law or common law causes of action;

(4) Resolve any other questions or controversies that may remain between Mayflower and Defendants;

(5) Award all costs of this action, including attorney's fees to Plaintiff Mayflower Transit, LLC;

(6) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
John T. Husk, Esq., DC Bar #434714
Seaton & Husk, L.P.
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700
Fax: 703-573-9786

*Counsel for Mayflower Transit, LLC*

C:\Seaton&Husk\Law\Unigroup\MAYFLOWE\Goldstein\Complaint.wpd