# APPENDIX A

Case 1:05-cv-01558-RCL     Document 1-2     Filed 08/02/2005     Page 1 of 3

**I.C.C. NO. MC 2934  D.O.T. 125563**  MAYFLOWER TRANSIT

P.O. Box 26150
enton, MO 63026-1350
636-305-4000

DELIVERING CARRIER, IF AN

THIS SHIPMENT IS BOUND ESTIMATE (OPTION 1 COMPARISON) BETWEEN CARRIER AND SHIPPER
SHIPPER JEFFREY S. GOLDSTEIN  202-2379249  CONSIGNEE JEFFREY & NANCY GOLD
COMPANY (ASSOCIATED WITH)  917·741·9407
STREET ADDRESS 4701 LINNEAN AVENUE  STREET ADDRESS 107 E 73RD STREET
ORIGIN WASHINGTON  000 COUNTY  000 DC  DEST. MANHATTAN  NEW YORK  031 NY
EST # 20008  10001

DATE LOADED FROM
(RESID. OR PERM.) STGE.

AGREED PICK-UP PERIOD: EARLIEST 8/30  LATEST 8/31
AGREED DEL. PERIOD: EARLIEST 9/01  LATEST 9/03

NOTIFY IN CASE OF: ☐ DELAY  ☐ CHARGES
NAME Jodi Clough  301·520·2622
ADDRESS
CITY

☐ GUARANTEED SERVICE DATES (IF APPLICABLE) DAILY ALLOWANCE (IF APPLICABLE)
X☒ C.O.D.  ☐ PPD.  ☐ GOV.  ☐ NAT. ACCT. NO.
BILL TO:
P.O. BOX/
STREET:
CITY & STATE
ATTN:

☐ EXCLUSIVE USE OF A ___ CU. FT. VEHICLE ORDERED (MIN. 1400 CU. FT.)
☐ SPACE RESERVATION ___ CU. FT. ORDERED (MIN. 300 CU. FT.)
☐ SELECTED DELIVERY DATE SERVICE REQUESTED. SHIPMENT TO BE TRANSPORTED AT AGREED MINIMUM WEIGHT OF ___ POUNDS.
SIGNATURE OF SHIPPER OR THEIR AGENT  X

| COST OF CONTAINERS, PACKING AND UNPACKING SERVICES | CONTAINERS | | | | PACKING SCHEDULE ( ) | | | | UNPACKING SCHEDULE ( ) | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL |
| | | | | | | | | | | | | |

TOTAL CONTAINERS ▶  TOTAL PACKING ▶  TOTAL UNPACKING ▶
TOTAL CONTAINERS PACKING & UNPACKING

MaxPack _____ lbs. x $ _____ cwt = $ _____  ORIGINAL  REWEIGH
LBS. GROSS
LBS. TARE  ☐ SHIPPER REQUESTED REWEIGH
LBS. NET
MIN. WT.

1. All terms written, and printed, stamped or typed on the front or back of this form, are agreed to by both parties.
2. If credit is extended by the carrier by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment.
3. The above named shipper agrees that this carrier shall transport the goods and effects tendered by the shipper subject to the preceding.

**CUSTOMER'S DECLARATION OF VALUE**
**THIS IS A TARIFF LEVEL OF CARRIER LIABILITY – IT IS NOT INSURANCE**
You must select, in your handwriting, one of the following two options for your shipment. The option you select establishes your mover's maximum liability for your goods, subject to the rules contained in your mover's tariff.

**OPTION 1: Full (Replacement) Value Protection.** If any article is lost, destroyed or damaged while in your mover's custody, your mover will either 1) repair the article to the extent necessary to restore it to the same condition as when it was received by your mover, or pay you for the cost of such repairs; or 2) replace the article with an article of like kind and quality, or pay you for the cost of a replacement. An additional charge applies for this option.

**To select Option 1, you must write, on the line below, either a lump sum dollar amount for the value of your shipment that may not be less than $5000, or an amount per pound that may not be less than $5.00 per pound, whichever is greater.**
The value of my shipment is: 200,000
You must also select one of the following deductible amounts that will apply for your shipment:
No Deductible (✓)  $250 Deductible ( )  $500 Deductible ( )
(Initial)  (Initial)  (Initial)

**OPTION 2: Released Value of 60 Cents Per Pound Per Article.** If any article is lost, destroyed or damaged while in your mover's custody, your mover's liability is limited to the actual weight of the lost, destroyed or damaged article multiplied by 60 cents per pound per article. This is the basic liability level and is provided at no charge. It is considerably less than the average value of household goods.

**To select Option 2, you must write, on the line below, the words "60 cents per pound".**
The value of my shipment is: _____

Your signature is required here: I acknowledge that I have 1) declared a value for my shipment and selected a deductible amount, if appropriate, and 2) received and read a copy of the mover's brochure explaining these provisions and the applicable charges.
X _____ 8/27/04
(Customer's Signature)  (Date)

**EXTRAORDINARY (UNUSUAL) VALUE ARTICLE DECLARATION:** I acknowledge that I have prepared and retained a copy of the "Inventory of Items Valued in Excess of $100 Per Pound Per Article" that are included in my shipment and that I have given a copy of this inventory to the mover's representative. I also acknowledge that the mover's liability for loss of or damage to any article valued in excess of $100 per pound will be limited to $100 per pound for each pound of such lost or damaged article (based on actual article weight), not to exceed the declared value of the entire shipment, unless I have specifically identified such articles for which a claim for loss or damage is made on the attached inventory.

X _____
(Customer's Signature)  (Date)

| AGENT | CODE | NAME | PHONE NO. |
|---|---|---|---|
| Book. | 333 | JOE MOHOLLAND | MOV7034942021 |
| Dest. | 1076 | MEYER'S VAN LINES | 7186656662 |
| Origin | 333 | JOE MOHOLLAND | MOV7034942021 |

G-11  VAN NO.

| CONTRACT NO. | TARIFF | SECT | EXCEPTION | MILES | PERCENT | RATE |
|---|---|---|---|---|---|---|
| | 400N | 3 | | | | |

| TOTAL WEIGHT | BASE WEIGHT | CHARGE | EXCESS WEIGHT | RATE | TRANSPORTATION CHARGES |
|---|---|---|---|---|---|
| | | | | | |

| DESCRIPTION | RATE | OTHER CHARGES |
|---|---|---|

ADDITIONAL SERVICES PERFORMED

| | BASE | | EXCESS | | |
|---|---|---|---|---|---|
| MILES | WEIGHT | CHARGE | WEIGHT | RATE | |

| | 1st DAY | DATE IN | | |
|---|---|---|---|---|
| S T I | 2ND DAY | TO | NO. DAYS | |
| D | WAREHOUSE HANDLING | | | |
| | ☐ EXTENDED VALUATION | | | |

BILL OF LADING COMPLETED BY _____ DATE _____
DRIVER ID | VAN NO. | PICKUP DATE | FROM | TO

DRIVER SIGNATURE FOR BILL OF LADING _____
DRIVER CODE _____ DATE _____

DELIVERED BY DRIVER SIGNATURE _____
DRIVER CODE _____ DATE _____

**PAYMENT ACKNOWLEDGMENT**
PREPAYMENT REC'D _____ DATE _____ CODE _____  TOTAL PREPAID
BY _____
PAYMENT REC'D. AT DESTINATION _____ DATE _____ CODE _____  BAL. DUE

**DELIVERY ACKNOWLEDGMENT**
SHIPMENT WAS RECEIVED IN APPARENT GOOD CONDITION EXCEPT AS NOTED ON INVENTORY AND SERVICES ORDERED WERE PERFORMED.
SIGNED X _____ 8/30/04
(Consignee)
REC'D. FOR STORAGE _____
(Warehouse)
BY _____
(Warehouseman's Signature)  Date _____  Control No. _____

A _____  B _____
C _____

COLLECT SHIPMENTS: Collect shipments must be paid in U.S. funds, by cash, money order or cashier's check before property is relinquished by carrier. Money orders and drafts must be payable to this carrier. All charges subject to audit and if necessary will be corrected by refund or additional billing.

541000  **IMPORTANT - SEE TERMS ON THE REVERSE SIDE**

1. BILL OF LADING - CARRIER'S COPY

CONTRACT TERMS & CONDITIONS of UNIFORM HOUSEHOLD GOODS BILL of LADING

**Notice of Availability of Published Tariff**

Carrier publishes tariffs which set forth the terms, conditions and prices for the transportation services it provides. The applicable tariff provisions are incorporated herein by reference. Incorporated provisions include, but are not limited to: (1) Establishing the limitation of carriers liability, the principal features of which are described in the Valuation section of this Bill of Lading; (2) Setting the time period for filing claims, the principal features of which are described in Section 6 hereof; and (3) Reserving the carrier's right to assess additional charges for additional services performed and, on non-binding estimates, to base charges on the exact weight of the goods transported. For more information, please see the terms and conditions printed herein and in the carrier's booklets "Your Rights and Responsibilities When You Move" and "Mover's Valuation Brochure". The tariff is available for inspection at the offices of carrier or, on request, carrier will furnish a copy of any tariff provision containing carrier's rates, rules or charges governing the shipment and is also available for inspection at the offices of the Household Goods Carriers' Bureau Committee/American Moving and Storage Association, 1611 Duke Street, Alexandria, VA 22314.

Carrier's currently effective applicable tariffs, all Inventories prepared in conjunction with this Bill of Lading, any applicable National Account Contract Agreements and the Estimate/Order for Service prepared in advance of shipment are hereby incorporated by reference. These documents, together with this Bill of Lading, constitute the contractual documents governing shipper's move, and include but are not limited to the terms and conditions set forth below. In the event of any conflict between the terms of the Estimate/Order for Service and Bill of Lading, the Bill of Lading shall control. Any specific terms set forth in a National Account Contract Agreement shall supersede any inconsistent terms in the other documents.

This contract is subject to all the rules, regulations, rates and charges in carrier's currently effective applicable tariffs including, but not limited to, the following terms and conditions:

SECTION 1: The carrier or party in possession shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage-in-transit EXCEPT loss, damage, or delay caused by or resulting:

(a) From an act, omission or order of shipper;

(b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

(c) From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (A) by any government or sovereign power, or by any authority maintaining or using military, naval or air forces; or (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destruction under quarantine or customs regulations; (5) confiscation by order of any government or public authority; or (6) risks of contraband or illegal transportation or trade;

(d) From delay caused by strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder, and from loss or damage when carrier, after notice to shipper or consignee of a potential risk of loss or damage to the shipment from such causes, is instructed by the shipper to proceed with such transportation and/or delivery, notwithstanding such risk;

(e) From Acts of God.

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's or the party's in possession liability:

The carrier's or the party's in possession maximum liability shall be either:

(1) The lump sum value declared by shipper, which may not be less than $5,000 or $5.00 per pound multiplied by the actual weight of the shipment, in pounds, whichever is greater; or

(2) The actual loss or damage not exceeding sixty (60) cents per pound of the weight of any lost or damaged article when the shipper has released the shipment to carrier, in writing, with liability limited to sixty (60) cents per pound per article; or

(3) The actual (depreciated) value of the lost or damaged articles if carrier fails to obtain a Shipper's Valuation Declaration and signature on the Customer's Declaration of Value Notice, on the Order for Service OR on the face of this document.

(4) Further, a shipper's failure to notify the carrier in writing that an article or articles having a value that exceeds $100 per pound will be included in the shipment will restrict the carrier's maximum liability to $100 per pound of any lost or damaged article (based on actual weight), not to exceed the declared value of the entire shipment.

Such valuation is extended carrier liability under published tariffs and is not insurance, as that term is used under the McCarran-Ferguson Act, 15 U.S.C. 1011-1015.

SECTION 2: The carrier shall not be liable for delay caused by highway obstruction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by breakdown or mechanical defect of vehicles or equipment, or from any cause other than negligence of the carrier; nor shall the carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination.

SECTION 3: Shipper's, consignor's and/or consignee's liability to carrier shall include the following:

(a) The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper, consignor and/or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges. The joint and several liability of the shipper and consignee as set forth in this Section 3(a) is absolute, and no prior or subsequent course of dealing among the shipper, carrier and/or consignee (including, but not limited to, the course of dealing pertaining to billing and collection of shipping charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability.

(b) Shipper and/or consignor represent that no explosives and/or dangerous articles or goods shall be contained in shipment. However, the shipper and/or consignor shall indemnify carrier against any loss or damage caused by the negligent or intentional inclusion in the shipment of explosives or dangerous articles or goods therein.

SECTION 4: If for any reason other than the fault of carrier, delivery cannot be made at address shown on the face hereof, or at any changed address of which carrier has been notified, carrier, at its option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery, or at other available points, at the cost of the owner, and subject to a lien for all accrued tariff, contract and other lawful charges.

SECTION 5: If shipment is refused by consignee at destination, or if shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to shipper and consignee at post office addresses shown on face hereof, or if shipper fails or refuses to pay lawfully applicable charges in accordance with carrier's applicable tariff, carrier may sell the property at its option, either (a) upon notice in the manner authorized by law, or (b) at public auction to highest bidder for cash at a public sale to be held at a time and place named by carrier, thirty (30) days notice of which sale shall have been given in writing to shipper and consignee, and there shall have been published at least once a week for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the bill of lading, and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of lawful tariff charges applicable to shipment and toward expenses of notice, advertising and sale, and of storing, caring for and maintaining property prior to sale, and the balance, if any shall be paid to owner of property; PROVIDED that any perishable articles contained in said shipment may be sold at public or private sale without such notices, if, in the opinion of carrier, such action is necessary to prevent deterioration or further deterioration.

SECTION 6: As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.