IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAYFLOWER TRANSIT, LLC<br>One Mayflower Drive<br>Fenton, MO 63026<br><br>      Plaintiff,<br><br>v.<br><br>JEFFREY GOLDSTEIN and<br>NANCY GOLDSTEIN<br>107 East 73rd Street<br>Manhattan, NY 10001,<br><br>      Defendants and<br>      Third-Party Plaintiffs,<br><br>v.<br><br>MOHOLLAND MOVING COMPANY,<br>15481 Farm Creek Drive<br>Woodbridge, VA 22191,<br><br>      Third-Party Defendant. | CASE NUMBER   1:05CV01558<br><br>JUDGE:  Royce C. Lamberth<br><br>DECK TYPE:  General Civil<br><br>DATE STAMP:  08/02/2005 |

## ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

COMES NOW Defendants Jeffrey Goldstein and Nancy Goldstein (hereinafter referred to as the "Goldsteins"), by and through counsel, as and for their Answer and Counter Claims against Mayflower Transit, LLC ("hereinafter referred to as "Mayflower"), and state as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1.

    2.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2.

3. Admit the allegations set forth in paragraph 3, except deny the zip code recited therein.

4. Admit the allegations set forth in paragraph 4.

5. Deny the allegations set forth in paragraph 5, and respectfully refer to the statutes and laws set forth therein for their force and effect.

6. Deny the allegations set forth in paragraph 6.

7. Deny the allegations set forth in paragraph 7.

## AS TO COUNT 1

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. Admit the allegations set forth in paragraph 9.

10. Admit the allegations set forth in paragraph 10, except aver that the "transport of household goods" was performed by a different entity.

11. Admit the allegations set forth in paragraph 11, but aver that the Goldsteins were never "beneficiaries" of any services in the common meaning of that word, and that services were performed by a different entity.

12. Deny the allegations set forth in paragraph 12, and refer to Appendix A for its full force and effect.

DSMDB2009791

13. Deny the allegations set forth in paragraph 13, and refer to the documents recited therein for their full force and effect.

14. Deny the allegations set forth in paragraph 14, and refer to the documents recited therein for their full force and effect.

15. Deny the allegations set forth in paragraph 15, and refer to the documents recited therein for their full force and effect.

16. Deny the allegations set forth in paragraph 16, as the Goldsteins' property was not all delivered, nor was it delivered in appropriate condition.

17. Deny the allegations set forth in paragraph 17, and refer to the documents recited therein for their full force and effect.

18. Deny the allegations set forth in paragraph 18, and refer to the documents recited therein for their full force and effect.

19. Deny the allegations set forth in paragraph 19, and refer to the documents recited therein for their full force and effect.

20. Deny the allegations set forth in paragraph 20, and refer to the documents recited therein for their full force and effect.

21. Deny the allegations set forth in paragraph 21, as no proper demand can be made for services that were not properly or lawfully provided.

22. Deny the allegations set forth in paragraph 22.

DSMDB2009791

## AS TO COUNT II

23.     The Goldsteins repeat and reincorporate each admission and denial heretofore made with respect to paragraphs 1 through 22.

24.     Deny the allegations set forth paragraph 24.

25.     Deny the allegations set forth in paragraph 25.

26.     Deny the allegations set forth in paragraph 26, and specifically aver that the Goldsteins have itemized the loss/damaged condition of their household goods and personal property that was entrusted to Mayflower.

27.     Deny the allegations set forth in paragraph 27, and aver that proper notice was provided.

28.     Deny the allegations set forth in paragraph 28, and refer to the laws recited therein for their full force and effect.

29.     Deny the allegations set forth in paragraph 29, and refer to the laws recited therein for their full force and effect.

30.     Deny the allegations set forth in paragraph 30, and refer to the laws recited therein for their full force and effect.

31.     Deny the allegations set forth in paragraph 31, and refer to the laws recited therein for their full force and effect.

4

32. Deny the allegations set forth in paragraph 32, and refer to the laws recited therein for their full force and effect.

33. Deny the allegations set forth in paragraph 33, and refer to the documents recited therein for their full force and effect.

34. Deny the allegations set forth in paragraph 34, and aver that notice was given on or about October 5, 2004, and such notice was acknowledged by Mayflower, and specifically incorporated a full and complete description of said damages.

35. Deny the allegations set forth in paragraph 35.

36. Deny the allegations set forth in paragraph 36, as Mayflower was given notice on or about October 5, 2004.

37. Deny the allegations set forth in paragraph 37.

## FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

39. This Court does not have personal or subject matter jurisdiction over the Goldsteins.

## THIRD AFFIRMATIVE DEFENSE

40. The claims are barred by plaintiff's unclean hands and improper conduct.

DSMDB2009791

## FOURTH AFFIRMATIVE DEFENSE

41.     The claims are barred by laches and/or the applicable limitations period.

## FIFTH AFFIRMATIVE DEFENSE

42.     Venue is not proper in this District.

## AS FOR A FIRST COUNTER CLAIM AND FIRST THIRD-PARTY CAUSE OF ACTION

43.     The Goldsteins are residents of 107 East 73rd Street, New York, New York 10021.

44.     On information and belief, Mayflower is a limited liability company organized under the laws of the State of Missouri whose principal place of business is One Mayflower Drive, Fenton, Missouri 63026.

45.     On information and belief, third-party defendant Joe Moholland Moving Company ("Moholland") is located at 15481 Farm Creek Drive, Woodbridge, Virginia 22191.

46.     On information and belief, at all times relevant hereto, Mayflower and Moholland were acting in concert and/or alternatively, Moholland was acting as authorized agent for Mayflower, and all improper acts and unlawful conduct of Moholland are attributable to both Moholland and Mayflower.

6

## **JURISDICTION**

47. Jurisdiction is premised based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and/or the doctrine of of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## **FACTS**

48. On or about August 27, 2004, the Goldsteins requested that Moholland and Mayflower transfer their household goods from their residence at 4701 Linnean Avenue in Washington, DC to 107 East 73rd Street, New York, New York 10021.

49. Moholland and Mayflower were informed and understood that the Goldstein household items included items of significant value, including heirloom items and other rare items, and the value and nature of the items was, on a number of occasions, conveyed to Moholland and Mayflower.

50. Moholland and Mayflower promised and represented that they would transport said goods consistent with the highest standard of care, and further committed and represented that only trained movers would be employed to transport said goods.

51. Despite Moholland's and Mayflower's commitment to transport the Goldstein household goods consistent with the highest standards of care, Moholland and Mayflower acted in a fraudulent, negligent and reckless manner by, among other things, (i) failing to take proper precautions to protect the Goldsteins' valuable, rare and heirloom goods despite promising to do so, (ii) assigning inexperienced and untrained movers to transport the goods, (iii) failing to properly and ultimately supervise the movers assigned to transport the Goldstein household goods, and (iv) seeking signatures and other authorizations on behalf of the

DSMDB2009791

Goldsteins from persons who were not authorized to provide such authorizations and signatures to Moholland or Mayflower.

52. On or about October 5, 2004, Moholland and Mayflower were notified of the damages and loss caused by their negligence, and reckless conduct, and of their misrepresentations regarding the manner, training, and supervision of the personnel involved in the move.

53. At all times, the Goldsteins relied to their detriment on the representations and promises made by Moholland and Mayflower regarding the fact that (i) Moholland and Mayflower would take steps beyond normal protections of transported goods to keep the Goldsteins' property from damage, (ii) hire only experienced and trained movers, and (iii) supervise the movers with properly trained supervisory personnel, all of which were intentionally and deceptively misleading.

54. Moholland and Mayflower further represented and promised that they would take special care of the heirloom and rare and valuable items contained in the Goldsteins' household goods, including by proper protection and packaging, and special care and handling during the transport, and failed to do so.

55. Had the Goldsteins been aware that Moholland and Mayflower were misrepresenting the manner and type and nature of their commitment to transport the household goods, they would not have retained Moholland and Mayflower.

56. As a result of the of the fraudulent and unlawful conduct of Moholland and Mayflower, the Goldsteins have suffered the damages to their property and premises in the

DSMDB2009791

manner set forth in Appendix D to the Complaint, which is a letter dated October 5, 2004 to Moholland, and which is incorporated herein by reference.

WHEREFORE, the Goldsteins request judgment to be entered against Moholland and Mayflower, and that the Goldsteins should be awarded damages in an amount greater than $75,000, the exact amount thereof to be proven at trial, and such other and further relief as this Court deems just and proper, including punitive damages.

### AS FOR A SECOND COUNTER CLAIM AND SECOND THIRD-PARTY CAUSE OF ACTION

57. The Goldsteins repeat and reallege paragraphs 1 through 56 as if fully set forth herein.

58. Said conduct by Moholland and Mayflower was negligent and proximately caused the damages suffered by the Goldsteins to their property and premises as described in Appendix D to the Complaint, which is a letter dated October 5, 2004 to Moholland, and which is incorporated herein by reference.

### AS FOR A THIRD COUNTER CLAIM AND THIRD THIRD-PARTY CAUSE OF ACTION

59. The Goldsteins repeat and reallege paragraphs 1 through 58 as if fully set forth herein.

60. By reason of the foregoing, Moholland and Mayflower have breached their contract to properly transport household goods, including valuable, rare and heirloom items and to provide special care, supervision and protection for said items, and the Goldsteins have suffered damages to their property and premises as described in Appendix D to the Complaint,

DSMDB2009791

which is a letter dated October 5, 2004 to Moholland, and which is incorporated herein by reference.

WHEREFORE, the Goldsteins request judgment to be entered against Moholland and Mayflower, and that the Goldsteins should be awarded damages in an amount greater than $75,000, the exact amount thereof to be proven at trial, and such other and further relief as this Court deems just and proper.

Dated: November 21, 2005                                    RESPECTFULLY SUBMITTED,

/s/
_____
Paul R. Taskier
D.C. Bar No. 367713
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Of Counsel:
Anthony P. Coles
Patterson Belknap Webb & Tyler, LLP
1136 Avenue of the Americas
New York, NY 10036
(212) 336-2130

DSMDB2009791

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Answer, Counterclaims and Third-Party Complaint to be served by email and by U.S. Mail, postage prepaid, on John T. Husk, Esq., Seaton & Husk, L.P., 2240 Gallows Road, Vienna 22182 (johnhusk@aol.com) and by U.S. Mail, postage prepaid, on Moholland Moving Company, 15481 Farm Creek Drive, Woodbridge, VA 22191 on Monday, November 21, 2005.

/s/
_____
Paul R. Taskier

11