IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAYFLOWER TRANSIT, LLC<br>One Mayflower Drive<br>Fenton, MO 63026<br><br>　　　　Plaintiff,<br><br>v.<br><br>JEFFREY GOLDSTEIN and<br>NANCY GOLDSTEIN<br>107 East 73rd Street<br>Manhattan, NY 10001,<br><br>　　　　Defendants and<br>　　　　CounterClaimants. | CASE NUMBER   1:05CV01558-RCL<br><br>JUDGE:  Royce C. Lamberth<br><br>DECK TYPE:  General Civil |

## FIRST AMENDED ANSWER, AND COUNTERCLAIMS

COMES NOW Defendants Jeffrey Goldstein and Nancy Goldstein (hereinafter referred to as the "Goldsteins"), by and through counsel, as and for their First Amended Answer and Counterclaims against Mayflower Transit, LLC ("hereinafter referred to as "Mayflower"), state as follows:

　　　　1.　　Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1.

　　　　2.　　Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2.

　　　　3.　　Admit the allegations set forth in paragraph 3, except deny the zip code recited therein.

4. Admit the allegations set forth in paragraph 4.

5. Deny the allegations set forth in paragraph 5, and respectfully refer to the statutes and laws set forth therein for their force and effect.

6. Deny the allegations set forth in paragraph 6.

7. Deny the allegations set forth in paragraph 7.

## AS TO COUNT 1

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. Admit the allegations set forth in paragraph 9.

10. Admit the allegations set forth in paragraph 10, except aver that the "transport of household goods" was performed by a different entity.

11. Admit the allegations set forth in paragraph 11, but aver that the Goldsteins were never "beneficiaries" of any services in the common meaning of that word, and that services were performed by a different entity.

12. Deny the allegations set forth in paragraph 12, and refer to Appendix A for its full force and effect.

13. Deny the allegations set forth in paragraph 13, and refer to the documents recited therein for their full force and effect.

DSMDB2032921

14. Deny the allegations set forth in paragraph 14, and refer to the documents recited therein for their full force and effect.

15. Deny the allegations set forth in paragraph 15, and refer to the documents recited therein for their full force and effect.

16. Deny the allegations set forth in paragraph 16, as the Goldsteins' property was not all delivered, nor was it delivered in appropriate condition.

17. Deny the allegations set forth in paragraph 17, and refer to the documents recited therein for their full force and effect.

18. Deny the allegations set forth in paragraph 18, and refer to the documents recited therein for their full force and effect.

19. Deny the allegations set forth in paragraph 19, and refer to the documents recited therein for their full force and effect.

20. Deny the allegations set forth in paragraph 20, and refer to the documents recited therein for their full force and effect.

21. Deny the allegations set forth in paragraph 21, as no proper demand can be made for services that were not properly or lawfully provided.

22. Deny the allegations set forth in paragraph 22.

DSMDB2032921

## AS TO COUNT II

23. The Goldsteins repeat and reincorporate each admission and denial heretofore made with respect to paragraphs 1 through 22.

24. Deny the allegations set forth paragraph 24.

25. Deny the allegations set forth in paragraph 25.

26. Deny the allegations set forth in paragraph 26, and specifically aver that the Goldsteins have itemized the loss/damaged condition of their household goods and personal property that was entrusted to Mayflower.

27. Deny the allegations set forth in paragraph 27, and aver that proper notice was provided.

28. Deny the allegations set forth in paragraph 28, and refer to the laws recited therein for their full force and effect.

29. Deny the allegations set forth in paragraph 29, and refer to the laws recited therein for their full force and effect.

30. Deny the allegations set forth in paragraph 30, and refer to the laws recited therein for their full force and effect.

31. Deny the allegations set forth in paragraph 31, and refer to the laws recited therein for their full force and effect.

DSMDB2032921

32. Deny the allegations set forth in paragraph 32, and refer to the laws recited therein for their full force and effect.

33. Deny the allegations set forth in paragraph 33, and refer to the documents recited therein for their full force and effect.

34. Deny the allegations set forth in paragraph 34, and aver that notice was given on or about October 5, 2004, and such notice was acknowledged by Mayflower, and specifically incorporated a full and complete description of said damages.

35. Deny the allegations set forth in paragraph 35.

36. Deny the allegations set forth in paragraph 36, as Mayflower was given notice on or about October 5, 2004.

37. Deny the allegations set forth in paragraph 37.

## FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

39. This Court does not have personal or subject matter jurisdiction over the Goldsteins.

## THIRD AFFIRMATIVE DEFENSE

40. The claims are barred by plaintiff's unclean hands and improper conduct.

DSMDB2032921

## FOURTH AFFIRMATIVE DEFENSE

41. The claims are barred by laches and/or the applicable limitations period.

## FIFTH AFFIRMATIVE DEFENSE

42. Venue is not proper in this District.

## COUNTERCLAIMS

43. The Goldsteins are residents of 107 East 73rd Street, New York, New York 10021.

44. On information and belief, Mayflower is a limited liability company organized under the laws of the State of Missouri whose principal place of business is One Mayflower Drive, Fenton, Missouri 63026.

45. On information and belief, Joe Moholland Moving Company ("Moholland") is located at 15481 Farm Creek Drive, Woodbridge, Virginia 22191.

46. On information and belief, at all times relevant hereto, Moholland was acting as an authorized agent for Mayflower, and all improper acts and unlawful conduct of Moholland are attributable to both Moholland and Mayflower.

DSMDB2032921

## JURISDICTION

47.     Jurisdiction is premised on the "Carnack Amendment", 49 U.S.C. §14706, and the doctrine of of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## AS FOR A FIRST COUNTER CLAIM AGAINST MAYFLOWER

48.     On or about August 27, 2004, the Goldsteins requested that Moholland and Mayflower transfer their household goods from their residence at 4701 Linnean Avenue in Washington, DC to 107 East 73rd Street, New York, New York 10021.

49.     Moholland and Mayflower were informed and understood that the Goldstein household items included items of significant value, including heirloom items and other rare items, and the value and nature of the items was, on a number of occasions, conveyed to Moholland and Mayflower.

50.     Moholland and Mayflower promised and represented that they would transport said goods consistent with the highest standard of care, and further committed and represented that only trained movers would be employed to transport said goods.

51.     Despite Moholland's and Mayflower's commitment to transport the Goldstein household goods consistent with the highest standards of care, Moholland and Mayflower acted in a fraudulent, negligent and reckless manner by, among other things, (i) failing to take proper precautions to protect the Goldsteins' valuable, rare and heirloom goods despite promising to do so, (ii) assigning inexperienced and untrained movers to transport the goods, (iii) failing to properly and ultimately supervise the movers assigned to transport the

DSMDB2032921

Goldstein household goods, and (iv) improperly seeking signatures and other authorizations from or on behalf of the Goldsteins.

52. On or about October 5, 2004, in a manner contemplated by and consistent with the Carnack Amendment, Moholland and Mayflower were notified of the damages and loss caused by their negligence, and reckless conduct, and of their misrepresentations regarding the manner, training, and supervision of the personnel involved in the move.

53. At all times, the Goldsteins relied to their detriment on the representations and promises made by Moholland and Mayflower regarding the fact that (i) Moholland and Mayflower would take steps beyond normal protections of transported goods to keep the Goldsteins' property from damage, (ii) hire only experienced and trained movers, and (iii) supervise the movers with properly trained supervisory personnel, all of which were intentionally and deceptively misleading.

54. Moholland and Mayflower further represented and promised that they would take special care of the heirloom and rare and valuable items contained in the Goldsteins' household goods, including by proper protection and packaging, and special care and handling during the transport, and failed to do so.

55. Had the Goldsteins been aware that Moholland and Mayflower were misrepresenting the manner and type and nature of their commitment to transport the household goods, they would not have retained Moholland and Mayflower.

56. As a result of the of the unlawful conduct of Moholland and Mayflower, the Goldsteins have suffered the damages to (i) their personal property of goods shipped under

DSMDB2032921

the care and control of Moholland and Mayflower, and (ii) to their premises located at 107 East 73rd Street, New York, New York 10021, and their former premises within the District of Columbia at 4701 Linnaen Avenue, including damages to the interior walls and floors of said premises in the form of dents and scratches, some of which are beyond repair, as is further set forth in Appendix D to the Complaint, which is a letter dated October 5, 2004 to Moholland, and which is incorporated herein by reference. On information and belief, Moholland's relationship with Mayflower was terminated by Mayflower as a result of Moholland's misconduct and negligence in connection with the Goldstein's move from the District of Columbia to New York City.

57.   Pursuant to the Carnack Amendment at 49 U.S.C. §13907, Mayflower is liable for all damages to the Goldsteins' shipped personal property, including those damages caused by Moholland.

WHEREFORE, the Goldsteins request judgment to be entered against Mayflower pursuant to the Carnack Amendment on the First Counter Claim for damages to personal property shipped under the care and control of Mayflower and Moholland, the exact amount thereof to be proven at trial, and for such other and further relief as this Court deems just and proper, including attorneys fees.

### AS FOR A SECOND COUNTER CLAIM AGAINST MAYFLOWER

58.   The Goldsteins repeat and reallege paragraphs 1 through 56 as if fully set forth herein.

59.   Said conduct by Moholland, as Mayflower's agent, and as therefore attributable to Mayflower, was negligent and proximately caused the damages suffered by the

Goldsteins to their real property and premises at 107 East 73rd Street, New York, New York 10021, and their prior premises at 4701 Linnaen Avenue, Washington, D.C., as set forth herein and as described in Appendix D to the Complaint, which is a letter dated October 5, 2004 to Moholland, and which is incorporated herein by reference.

WHEREFORE, the Goldsteins request judgment to be entered against Mayflower on the Second Counter Claim for damages to real property, the exact amount thereof to be proven at trial, and such other and further relief as this Court deems just and proper, including attorneys fees and punitive damages as appropriate.

The Defendant-Counter Claimants further demand a jury trial to the fullest extent permitted by law on each and every claim set forth in this Answer with Counter Claims.

Dated: January 20, 2006

Respectfully submitted,

/s/
_____
Paul Taskier. D.C. Bar #367713
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037
(202) 828-2256

Of Counsel:
Anthony P. Coles
Patterson Belknap Webb & Tyler, LLP
1136 Avenue of the Americas
New York, NY 10036
(212) 336-2130

DSMDB2032921

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing First Amended Answer and Counterclaims to be served by email and by U.S. Mail, postage prepaid, on John T. Husk, Esq., Seaton & Husk, L.P., 2240 Gallows Road, Vienna, VA 22182 (johnhusk@aol.com) on January 20, 2006.

/s/
Paul R. Taskier