IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAYFLOWER TRANSIT, LLC )<br>One Mayflower Drive )<br>Fenton, MO 63026 )<br>                               )<br>  Plaintiff/Counter-Defendant )<br>                               )<br>  v. )<br>                               )<br>JEFFREY GOLDSTEIN and )<br>NANCY GOLDSTEIN )<br>107 East 73rd Street )<br>Manhattan, NY 10001 )<br>                               )<br>  Defendants/Counter-Claimants )<br>_____ ) | Case No. 1:05CV01558<br><br>Judge: Royce C. Lamberth<br><br>Deck Type: General Civil | |

**PLAINTIFF/COUNTER-DEFENDANT MAYFLOWER TRANSIT, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS
JEFFREY GOLDSTEIN AND NANCY GOLDSTEIN'S
<u>FIRST AMENDED COUNTERCLAIMS</u>**

COMES NOW Plaintiff/Counter-Defendant, Mayflower Transit, Lines, LLC (hereinafter referred to as "Mayflower" or "Plaintiff/Counter-Defendant"), by and through counsel, and for its Answer to Defendants/Counter-Claimants' First Amended Counterclaims, would state as follows.

1. Mayflower admits the allegations contained in Paragraph 43 of the First Amended Counterclaims.

2. Mayflower admits the allegations contained in Paragraph 44 of the First Amended Counterclaims.

3. Mayflower admits the allegations contained in Paragraph 45 of the First Amended Counterclaims.

4. Mayflower admits in part and denies in part the allegations contained in Paragraph 46 of the First Amended Counterclaims. Mayflower admits that Moholland was acting as an authorized agent for Mayflower at all times here

1

relevant. Mayflower denies that any acts or conduct on the part of Moholland were either improper or unlawful.

## JURISDICTION

5. Mayflower can neither admit nor deny the allegations contained in Paragraph 47 of the First Amended Counterclaims as Counter-Claimants have failed to support the amount of damages in excess of $10,000.

## AS FOR THE FIRST COUNTER CLAIM AGAINST MAYFLOWER

6. Mayflower admits the allegations contained in Paragraph 48 of the First Amended Counterclaims.

7. Mayflower denies the allegations contained in Paragraph 49 of the First Amended Counterclaims and demands strict proof thereof.

8. Mayflower denies the allegations contained in Paragraph 50 of the First Amended Counterclaims and demands strict proof thereof.

9. Mayflower denies the allegations contained in Paragraph 51(i), (ii), (iii), and (iv) of the First Amended Counterclaims and demands strict proof thereof.

10. Mayflower denies the allegations contained in Paragraph 52 of the First Amended Counterclaims and demands strict proof thereof.

11. Mayflower denies the allegations contained in Paragraph 53 of the First Amended Counterclaims and demands strict proof thereof.

12. Mayflower denies the allegations contained in Paragraph 54 of the First Amended Counterclaims and demands strict proof thereof.

13. Mayflower denies the allegations contained in Paragraph 55 of the First Amended Counterclaims and demands strict proof thereof.

14. Mayflower denies the allegations contained in Paragraph 56 of the First Amended Counterclaims and demands strict proof thereof.

15. Mayflower denies the allegations contained in Paragraph 57 of the First Amended Counterclaims and demands strict proof thereof.

## AS FOR A SECOND COUNTER CLAIM AGAINST MAYFLOWER

16. Plaintiff/Counter-Defendant repeats and reincorporates paragraphs 1 through 15 as through fully restated herein.

17. Mayflower denies the allegations contained in Paragraph 59 of the First Amended Counterclaims and demands strict proof thereof.

WHEREFORE, Plaintiff/Counter-Defendant Mayflower requests Judgment as follows:

(1) That the Court enter Judgment in favor of Mayflower Transit, LLC as to the Goldsteins' First Counterclaim;

(2) That the Court enter Judgment in favor of Mayflower Transit, LLC as to the Goldsteins' Second Counterclaim;

(3) That this Court award costs and attorney's fees; and

(4) That the Plaintiff/Counter-Defendant Mayflower Transit, LLC be awarded such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Mayflower Transit, LLC states as follows:

**FIRST AFFIRMATIVE DEFENSE**

18. Whatever shipment was received for transportation by Mayflower was accepted in accordance with, and subject to, all the terms and conditions of the bill of lading and also subject to the effective classifications and tariffs, rules set forth therein, and rules, regulations, and practices of the Counter-Defendant which together formed the contract of carriage between the parties for the transportation of said shipment and the responsibility of the carrier in the matter as defined by and subject to the provisions of the Interstate Commerce Act, and Interstate Commerce Commission Termination Act, which are paramount and preempt all state law remedies. Mayflower performed all the terms and conditions on its part to be performed.

**SECOND AFFIRMATIVE DEFENSE**

19. The bill of lading contract provides that no carrier shall be liable for any loss, damage or delay caused by the act or default of the shipper or owner. Mayflower is not liable for any loss, damage or delay to the shipment that was due to such cause.

**THIRD AFFIRMATIVE DEFENSE**

20. The bill of lading contract provides that Mayflower should not be liable for loss, damage or delay resulting from a defect or vice in the property. Mayflower is not liable for any loss, damage, or delay to the shipment that was due to such cause.

**FOURTH AFFIRMATIVE DEFENSE**

21. The bill of lading contract provides that, as a condition precedent to recovery, claims must be filed in writing with Mayflower within 9 months after delivery of the property, or in the case of failure to make delivery, within 9 months after

4

reasonable time for delivery has lapsed, and suits must be filed within 2 years and 1 day from the date any such claim is declined. In the event that the claim or suit was not filed on the shipment that is the subject matter of this action within the time prescribed by such limits, suit on such shipment is barred.

### FIFTH AFFIRMATIVE DEFENSE

22. In the event that this shipment moved subject to any limitations of liability, the Counter-Claimants may not recover in excess of such limitation.

### SIXTH AFFIRMATIVE DEFENSE

23. In the event that the Counter-Claimants did not or do not have any title or interest in the shipment that is the subject of this action, then the Counter-Claimants may not be the real party in interest herein and may not be entitled to maintain this suit.

### SEVENTH AFFIRMATIVE DEFENSE

24. The bill of lading, tariffs and classifications which constitute the contract of carriage do not contemplate responsibility for special damages. A significant percentage of the damages sought in the Amended Counterclaim may be special damages for which Mayflower is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

25. Counter-Claimants' First Counterclaim fails to state a claim upon which relief can be granted under the Carmack Amendment.

### NINTH AFFIRMATIVE DEFENSE

26. Any and all claims for attorney's fees, whether asserted or unasserted, are preempted by the Carmack Amendment at 49 U.S.C. 14706.

27. Counter-Claimants' Second Counterclaim fails to state a claim upon which relief can be granted.

28. Counter-Claimants' Second Counterclaim is a claim for breach of contract and therefore punitive damages are not recoverable.

29. Mayflower's actions were not willfully malicious, wanton, oppressive or done with criminal indifference to Defendants/Counter-Claimants' civil obligations and therefore Counter-Claimants' claim for punitive damages under its Second Counterclaim are not recoverable.

Respectfully submitted,

/s/ John T. Husk
John T. Husk, Esq., DC Bar #434714
Douglas H. Wood, Esq., DC Bar #481262
Seaton & Husk, L.P.
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700
Fax: 703-573-9786

*Counsel for Mayflower Transit, LLC*

C:\Seaton&Husk\Law\Unigroup\MAYFLOWE\Goldstein\answer to amended cc.wpd

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing **PLAINTIFF/COUNTER-DEFENDANT MAYFLOWER TRANSIT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS JEFFREY GOLDSTEIN AND NANCY GOLDSTEIN'S FIRST AMENDED ANSWER AND COUNTERCLAIMS** was served via U.S. Mail Postage Prepaid upon the following parties this 6th day of February, 2005.

      Paul R. Taskier
      Dickstein, Sharpio, Morin & Oshinsky, LLP
      2101 L Street, N.W.
      Washington, DC 20037
      202-785-9700

      Anthony P. Coles
      Patterson, Belknap, Webb & Tyler, LLP
      1136 Avenue of the Americas
      New York, NY 10036
      212-336-2130

                              /s/ John T. Husk